## SUPREME COURT—JULY TERM, 1875.

*Allen, Ch. J., Harris and Judd, J. J.*

H. H. CHARLES KANAINA *vs.* H. H. RUTH KEELIKOLANI,—ON EXCEPTIONS FROM RULING OF MR. JUSTICE HARRIS, JANUARY TERM, 1875.

On the trial by a jury of an issue of fact appealed from a Probate Court, the appellant is a "party," and his evidence is not admissible.

### OPINION BY JUDD, J.

At the trial of an appeal to a jury on an issue of fact *in re* estate of Kamehameha V., the Justice who tried the case held that the testimony of H. H. Charles Kanaina, the appellant, was not admissible "to show the reputation among the chiefs in former times of the claimant's (appellee's) paternity."

To this ruling the appellant excepts. We are of opinion that the testimony offered is inadmissible; because the appellant Chas. Kanaina is the real plaintiff of record, and as such is disqualified by Section 1218 of the Civil Code.

The appellant, under the Act of 1864 which allows an appeal to a jury in probate cases, made up an issue of fact to be tried, to wit : "Whether Her Highness Ruth Keelikolani was sole heir-at-law of His late Majesty Kamehameha V., deceased intestate," and undertook to establish before the jury the negative of the proposition, to wit : that Her Highness was not the sole heir of Kamehameha.

If the jury should hold that she *was* the *sole* heir, this would exclude all further claim on the part of the appellant Kanaina.

Without the appearance of the appellant on this issue, there would be no case for the jury to decide. Mr. Kanaina is therefore a party to the record as plaintiff appellant.

A. S. Hartwell for plaintiff.

R. H. Stanley for defendant.